## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA CHAPMAN | : | |
| 1678 PEARDALE ROAD NORTH | | |
| COLUMBUS, OHIO 43229 | : | CASE NO. |
| | | |
| PLAINTIFF, | : | JUDGE |
| | | MAGISTRATE JUDGE |
| v. | : | |
| | | **JURY DEMAND ENDORSED** |
| 1-800-FLOWERS.COM, INC. | : | **HEREON** |
| S/A CT CORPORATION SYSTEM | | |
| 1300 E. NINTH STREET | : | |
| CLEVELAND, OHIO 44114 | | CATEGORY H |
| | : | |
| DEFENDANTS. | | |

### INTRODUCTORY ALLEGATIONS

Plaintiff, Pamela Chapman, complaining of Defendant 1-800-Flowers.com. Inc.  (hereinafter "Defendant") alleges as follows:

1. Plaintiff is an individual citizen of the State of Ohio, City of Columbus, County of Franklin.  Plaintiff is an African-American. Plaintiff was employed with Defendant from January 21, 2008 to September 7, 2012 as a Purchasing Coordinator.

2. Defendant is a Delaware corporation with an office located at 646 McCorkle Blvd., Westerville, Ohio.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 USC Section 1331 because the action arises under the laws of the United States.

4. Venue is lies in the Southern District of Ohio pursuant to 28 U.S.C. Section 1391 based upon the illegal acts of Defendant which occurred in Franklin County, Ohio.

**FIRST CLAIM FOR RELIEF:**
**RETALIATION - OHIO REVISED CODE §4112.99**

5. The allegations of the prior paragraphs are incorporated as if fully set forth below.

6. Plaintiff made a complaint(s) of racial discrimination to Defendant.

7. Plaintiff's complaint(s) was protected activity under Ohio Revised Code §4112.99.

8. As a result of the complaint(s), Defendant terminated Plaintiff's employment.

9. Defendant unlawfully retaliated against Plaintiff in violation of Ohio Revised Code §4112.99 because she complained of race discrimination.

10. Defendant's reason(s) for the termination were a pretext for unlawful retaliation in violation of Ohio Revised Code §4112.99.

11. Defendant's discrimination against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

12. Defendant's discrimination against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

13. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

**SECOND CLAIM FOR RELIEF: FLSA OVERTIME CLAIMS**
**29 U.S.C. §§ 201 et. seq.**

14. The allegations of the prior paragraphs are incorporated as if fully set forth below.

15. At all relevant times, Defendant has been, and continues to be, an

"employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act, hereinafter "FLSA", 29 U.S.C. § 203.

16. Pursuant to FLSA sections 201, 203, 206, 207, 215, and 216, it is unlawful for an employer, such as Defendant, to suffer or permit an employee to work without paying wages for all hours worked.

17. Plaintiff did not perform managerial or administrative duties so as to render her exempt from overtime.

18. At various times, Plaintiff worked more than forty (40) hours per week performing non-exempt duties for Defendant.

19. Plaintiff was not paid overtime. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked, pursuant to the FLSA.

20. Even if Plaintiff was exempt from overtime under the FLSA, she was not paid the federal minimum salary.

21. By failing to compensate Plaintiff overtime for hours of work she performed in excess of forty (40) hours per week as required by FLSA, Defendant violated FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

22. In the alternative, Defendant's failure to pay Plaintiff the federal minimum salary was in violation of the FLSA, 29 U.S.C. § 201 et seq.

23. The foregoing conduct, as alleged, constitutes a willful violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

24. Plaintiff seeks recovery of attorneys' fees and costs of the action, to be paid by Defendant, as provided by FLSA, 29 U.S.C. § 216(b).

25. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff prays, as to Defendant, as follows:

(a) That this Court award such equitable relief as is proper as

        compensation for the loss of Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay;

(b)     That this Court award Plaintiff an amount in excess of $25,000.00 as compensation for her adverse health effects, for the loss of his opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(c)     That this Court award Plaintiff all lost wages and benefits;

(d)     That this Court award liquidated damages, according to proof, to be paid by Defendant;

(e)     That this Court award Plaintiff punitive damages and applicable penalties;

(f)     That this Court award Plaintiff reasonable attorney's fees, expenses, costs of this action, and fees pursuant to FLSA; and

(g)     That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

/s/Rayl L. Stepter
Rayl L. Stepter (0047505)
Trial Attorney For Plaintiff
200 East Campus View Blvd., Suite 200
Columbus, Ohio 43235
(614) 468-4100
Fax (614) 468-4101
*raylstepter@stepterlaw.com* (Email)
Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

/s/Rayl L. Stepter
Trial Attorney for Plaintiff

4